IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

Phillip Hardy, #58376-056,  )  C/A No. 8:18-0137-BHH-JDA
                            )
                Petitioner, )
                            )
vs.                         )  **REPORT AND RECOMMENDATION**
                            )
Warden Antonelli,           )
                            )
                Respondent. )
_____)

Phillip Hardy ("Petitioner"), proceeding pro se, filed this Petition seeking a writ of habeas corpus under 28 U.S.C. § 2241, purportedly challenging his conviction in the United States District Court for the Eastern District of North Carolina. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district judge.

Petitioner is an inmate in the custody of the Federal Bureau of Prisons ("BOP") and is presently incarcerated at Williamsburg Federal Correctional Institution. For the reasons below, the Petition is subject to summary dismissal.

## BACKGROUND

Petitioner alleges that he was convicted and sentenced in the United States District Court for the Eastern District of North Carolina on January 27, 2015, at criminal case No. 5:15-cr-21-F. [Doc. 1-2 at 1 ¶ 4.] The undersigned takes judicial notice of Petitioner's criminal proceedings in the United States District Court for the Eastern District of North Carolina at *United States v. Hardy*, No. 5:14-cr-00021-FL-1 (E.D.N.C.) ("the E.D.N.C.

Case").[1]  A review of Petitioner's criminal case docket shows that he pleaded guilty to an Indictment at Count 1 for conspiracy to distribute and possess with the intent to distribute 1 kilogram or more of heroin and at Count 7 for possession of a firearm in furtherance of a drug trafficking offense. [The E.D.N.C. Case, Docket Entry No. 47.]  Petitioner was sentenced to a term of imprisonment of 120 months as to Count 1 and 60 months as to Count 7, to be served consecutively to Count 1, producing a total term of imprisonment of 180 months. [*Id.*]  Petitioner did not appeal.

Now, Petitioner challenges the validity of his conviction, claiming that the record underlying his guilty plea was not sufficient to establish that he used or carried a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1).  [Doc. 1-2 at 4 ¶ 10.]  Petitioner alleges he filed a motion to vacate his conviction pursuant to 28 U.S.C. § 2255 with the sentencing court on June 26, 2016, asserting, among other grounds, that the record did not support his conviction for the firearm violation.  [Doc. 1-2 at 4 ¶ 10.]  According to Petitioner, his habeas petition was denied.  [*Id.*]  This Court has reviewed the docket in the sentencing court and takes judicial notice that Petitioner actually filed his § 2255 petition on February 9, 2017, asserting as one of his grounds the same ground he now asserts in this Petition.  [The E.D.N.C. Case, Docket Entry No. 65.]  The sentencing court denied the § 2255 petition on November 8, 2017, finding the petition was untimely under the one-year statute of limitations provided in 28 U.S.C. § 2255(f).  [The E.D.N.C. Case, Docket Entry No. 82.]  Petitioner then filed a notice of appeal on December

---

[1]  *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992) (holding that the district court had the right to take judicial notice of a prior related proceeding); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

11, 2017, but the Fourth Circuit Court of Appeals dismissed the appeal. [The E.D.N.C. Case, Docket Entry Nos. 84, 89-91.]

Petitioner commenced the present action on January 11, 2018,[2] asserting a single ground for relief. [Docs. 1; 1-2.] Petitioner claims he is actually innocent of the "§ 924(c) enhancement." [Doc. 1-2 at 8 ¶ 13.] Specifically, Petitioner contends that *Bailey v. United States*, 516 U.S. 137 (1995), and *In re Jones*, 226 F.3d 328 (4th Cir. 2000), render his conviction for use of a firearm during a drug offense invalid because he is actually innocent of the charge. [Doc. 1-2 at 5–6, 9.] For his relief, Petitioner seeks an order vacating his conviction for the violation of § 924(c). [*Id.* at 10 ¶ 15.]

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) DSC, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district court. This Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2012); *see also* Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2012) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

As a pro se litigant, Petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). However, even under this less stringent standard, the

---

[2] Pursuant to *Houston v. Lack*, 487 U.S. 266 (1988), a prisoner's pleading is deemed filed at the moment of delivery to prison authorities for forwarding to the District Court.

Petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

### DISCUSSION

A § 2241 habeas action generally challenges the execution or implementation of a federal prisoner's sentence, such as the BOP's administration of the Inmate Financial Responsibility Program, computation of sentence, prison disciplinary actions, and prison transfers. *See Fontanez v. O'Brien*, 807 F. 3d 84, 87 (4th Cir. 2015); *Lagos-M v. Warden of FCI Williamsburg*, C/A No. 0:08-2913-HMH-PJG, 2009 WL 1749772, at *2 (D.S.C. June 22, 2009). District courts are authorized to grant writs of habeas corpus "within their respective jurisdiction." *See* 28 U.S.C. § 2241(a). Further, "it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc)). "However, § 2241 may be utilized by a federal prisoner to challenge the legality of his or her conviction or sentence if he or she can satisfy the mandates of the so-called § 2255 'savings clause' . . . ." *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001); *see also Ennis v. Olsen*, No. 00-7361, 2000 WL 1868982, at *1 (4th Cir. Dec. 22, 2000).

Many federal prisoners, such as Petitioner, have erroneously attempted to overturn federal convictions or sentences by filing a § 2241 action. *See, e.g., San-Miguel v. Dove*, 291 F.3d 257, 259-61 (4th Cir. 2002) (upholding summary dismissal of a § 2241 action filed in the District of South Carolina that challenged convictions and sentences entered in the

4

United States District Court for the District of Puerto Rico).  That a § 2255 action may be unsuccessful, untimely, or successive does not render it an inadequate or ineffective remedy.  *In Re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997).  The savings clause states as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).  In other words, as applied here, Petitioner's § 2241 action is barred unless he can demonstrate that the relief available to him under § 2255 is inadequate or ineffective.

In its seminal decision, the Fourth Circuit Court of Appeals held that "§ 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision.  A contrary rule would effectively nullify the gatekeeping provisions." *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) (citations omitted).  Nonetheless, the Court concluded, "[T]here must exist some circumstance in which resort to § 2241 would be permissible; otherwise, the savings clause itself would be meaningless." *Id.*  The Fourth Circuit has set forth the following elements to determine whether § 2255 is "inadequate and ineffective to test the legality of a conviction":

> (1) at the time of conviction, settled law of this circuit or the Supreme  Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

5

*Jones*, 226 F.3d at 333-34.  Notably, the savings clause is not satisfied merely because a petitioner's prior § 2255 motion was unsuccessful or because a petitioner is unable to meet the requirements to file a successive § 2255 motion.  *Chisholm v. Pettiford*, No. 6:06-2032-PMD-WMC, 2006 WL 2707320, at *2 (D.S.C. Sept. 18, 2006).

Petitioner's § 2241 action should be dismissed because the savings clause contained in § 2255 does not permit him to bring a § 2241 action.  As noted, a § 2241 habeas petition "'attacks the execution of a sentence rather than its validity,' whereas a § 2255 motion 'attacks the legality of detention.'"  *Brown v. Rivera*, No. 9:08-CV-3177-PMD-BM, 2009 WL 960212, at *2 (D.S.C. April 7, 2009) (citation omitted).  Here, Petitioner appears to claim he is entitled to an order vacating his sentence because he is actually innocent of the charged offense to which he pled guilty.  This type of claim should usually be brought under § 2255 in the sentencing court.  *Rice,* 617 F.3d at 802.  Petitioner contends that he is actually innocent and therefore, the savings clause should apply, but the Petition is otherwise devoid of any allegations suggesting that § 2255 is inadequate or ineffective such that the savings clause would apply to permit Petitioner to raise his claims under a § 2241 petition.  In a recent opinion, the Fourth Circuit Court of Appeals affirmed its test set forth in *In re Jones* to determine whether a petitioner has satisfied the savings clause, and articulated a similar test, applying *In re Jones* to sentencing challenges.  *See United States v. Wheeler*, 886 F.3d 415, 427 (4th Cir. 2018) (explaining "[t]here is no doubt that *Jones* is still good law in this circuit," and construing *Jones* more broadly to include "sentencing errors within the ambit of the savings clause").  Here, Petitioner has simply failed to satisfy the three elements of the Fourth Circuit's test to invoke the savings clause.  Importantly, Petitioner has failed to point to any change in substantive law such that the

6

conduct of which he was convicted is deemed not to be criminal.  Petitioner's reliance on *In re Jones* and *Bailey* are without merit, as the prisoners in those cases relied on changes in the law following their relevant convictions and sentence judgements.  Here, Petitioner has pointed to no such change in the law and the savings clause therefore does not apply.

Petitioner's allegation that he is actually innocent of the charged firearm offense to which he pled guilty does not require this Court to consider the merits of his Petition. Petitioner has not alleged any change or new interpretation of the law concerning the underlying criminal charge and he has not alleged any new evidence to support his actual innocence claim.  It has been frequently noted that "[c]laims of 'actual innocence' are often made as an alternative to the 'inadequate and ineffective' remedy argument generally raised by prisoners such as the Petitioner who, essentially, attempt to receive an improper 'second or third bite of the apple' by filing § 2241 petitions collaterally attacking convictions and sentences following unsuccessful direct appeals and/or § 2255 motions."  *Alfonso v. Rivera*, No. 0:07-2351-CMC-BM, 2007 WL 2702661, at *2–3 (D.S.C. Aug. 14, 2007), *Report and Recommendation adopted by* 2007 WL 2702659 (D.S.C. Sept. 11, 2007). Nevertheless, cognizable claims of "actual innocence" are extremely rare and must be based on "factual innocence not mere legal insufficiency."  *Bousley v. United States*, 523 U.S. 614, 623 (1998); *see also Doe v. Menefee*, 391 F.3d 147 (2d Cir. 2004).  Prisoners often assert actual innocence in situations like the present, where the time limitations for filing an initial § 2255 motion appear to have run.  Sometimes, a prisoner can possibly obtain review of his claims by showing that his case "falls within a narrow class of cases implicating a fundamental miscarriage of justice.  Proving 'actual innocence' is a way to

demonstrate that one's case falls within that narrow class." *Cornell v. Nix*, 119 F.3d 1329, 1333 (8th Cir. 1997).

However, in this case, Petitioner's claim of actual innocence is facially inadequate to require consideration because Petitioner does not allege that there is any new, reliable evidence of any type that was not presented in any of his prior court proceedings which supports his innocence of the criminal firearm charge for which he was convicted. *See, e.g., Schlup v. Delo*, 513 U.S. 298, 324 (1995) (holding that to present a credible claim of actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial"); *Doe v. Menefee*, 391 F.3d at 161 (providing the evidentiary standard required for a court to consider an actual innocence claim); *Thompson v. U.S.*, No. 99-3893, 2000 WL 571952 (6th Cir. May 2, 2000) (unpublished opinion) (explaining that bare allegations of actual innocence as to the charge to which the petitioner pleaded guilty are not facially adequate to invoke exceptional review of a conviction under § 2241). Simply put, Petitioner's bare assertion of "actual innocence" in reliance on *In re Jones* and *Bailey* fails to present a valid § 2241 claim. *Kinder v. Purdy*, 222 F.3d 209, 213–14 (5th Cir. 2000); *Chisholm v. Pettiford*, No. 6:06–2032–PMD, 2006 WL 2707320 (D.S.C. Sept. 18, 2006); *Davis v. U.S.*, No. 8:05–2778–GRA, 2006 WL 89505, at *6 (D.S.C. Jan. 12, 2006). Here, "by filing this § 2241 Petition and claiming 'actual innocence,' Petitioner is improperly attempting to short-circuit the statutory framework clearly established by Congress for the consideration of such claims, and this attempted bypass of the statutes' gatekeeping mechanisms should not be allowed." *Walsh v. Rivera*, No. 8:10-cv-85-PMD-BHH, 2010 WL 4366146, at *3 (D.S.C.

Apr. 8, 2010), *Report and Recommendation adopted by* 2010 WL 4365546 (D.S.C. Oct. 28, 2010), *aff'd sub nom. Walsh v. United States*, 471 F. App'x 138 (4th Cir. 2012). Accordingly, the facial inadequacy of the Petition requires this Court to "decline to address whether [Petitioner's] claim of 'actual innocence' allows [him] to bypass the gatekeeping requirements of the amended § 2255 and proceed with a § 2241 habeas corpus petition via § 2255's savings clause." *United States v. Lurie*, 207 F.3d 1075, 1077 n. 4 (8th Cir. 2000).

Thus, it appears that Petitioner's remedy, if any, is to file a § 2255 application in the sentencing court. Because Petitioner seeks to vacate his conviction for a firearms violation on the basis that the record does not support the charged offense, such a claim must be brought under § 2255, if it is to be raised in a habeas petition at all. Because Petitioner has already filed a § 2255, he must request leave from the appropriate court of appeals to file any subsequent § 2255 motion in the sentencing court, subject to the restrictions on successive or second § 2255 motions set forth in 28 U.S.C. § 2255(h).[3] *See* 28 U.S.C. §§ 2244, 2255; *see also United States v. Miller*, No. 6:06-cv-548-HFF, 2007 WL 2684844,

---

[3] A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain -

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

at *3 (D.S.C. Sept. 7, 2007) (explaining § 2255 affords a petitioner the relief which he seeks and § 2241 cannot be used in lieu of a proceeding under § 2255).

## RECOMMENDATION

Accordingly, it is recommended that the § 2241 Petition be dismissed without prejudice and without requiring the Respondent to file an answer or return. **Petitioner's attention is directed to the important notice on the next page.**

s/Jacquelyn D. Austin
United States Magistrate Judge

April 25, 2018
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).