IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Phillip Hardy, #58376-056, | Civil Action No. 8:18-137-BHH |
| Petitioner, | |
| v. | **ORDER** |
| Warden Antonelli, | |
| Respondent. | |

This matter is before the Court upon Petitioner Phillip Hardy's ("Petitioner") *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. 636(b)(1)(B) and Local Rule 73.02(B)(2)(c) (D.S.C.), the matter was referred to a United States Magistrate Judge for initial review. On April 26, 2018, Magistrate Judge Jacqueline D. Austin issued a report and recommendation ("Report"), analyzing the issues and recommending that the Court dismiss the petition without prejudice and without requiring Respondent to file a return. (ECF No. 18.) Petitioner filed objections (ECF No. 21) to the Report, and the matter is ripe for review.

**BACKGROUND**

Petitioner filed a *pro se* petition for a writ of habeas corpus pursuant to § 2241 on January 16, 2018. (ECF No. 1.) In the petition, he asserts that he is actually innocent of one of two underlying offenses of conviction, to which he pled guilty–namely, possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). (*Id.* at 5-9.) Petitioner acknowledges that he has previously filed a motion to vacate pursuant to 28 U.S.C. § 2255 in the Eastern District of North Carolina, where he was convicted, which motion was denied. (*See id.* at 4-5.)

Petitioner does not allege any new evidence to support his actual innocence claim. However, he asserts that *In re Jones*, 226 F.3d 328 (4th Cir. 2000) and *Bailey v. United States*, 516 U.S. 137 (1995), render invalid his conviction for "use of a firearm during a drug offense." (*Id.* at 5-7.)

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendations of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

In her Report, Magistrate Judge Austin explains that the § 2241 petition is subject to summary dismissal because Petitioner is erroneously attempting to overturn his § 924(c) conviction by filing a § 2241 action, rather than by motion pursuant to § 2255. The Magistrate Judge rightly notes that § 2241 actions are generally used to challenge the execution or implementation of a federal prisoner's sentence, and not to collaterally attack

a conviction or sentence. (*See* ECF No. 18 at 4-5.)

"[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc)). However, § 2255 contains a "savings clause" that allows federal prisoners to proceed under § 2241 when a motion under § 2255 would prove "inadequate or ineffective" to test the legality of the detention.[1] *In re Vial*, 115 F.3d at 1194. Importantly, "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision . . . or because an individual is procedurally barred from filing a § 2255 motion . . . ." *Id.* at n.5.

The Fourth Circuit has identified circumstances when a federal prisoner may use a § 2241 petition to attack the legality of a conviction. Specifically, § 2255 is inadequate or ineffective when:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000). Here, Magistrate Judge Austin

---

[1] The "savings clause" states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, *shall not be entertained* if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e) (emphasis added).

determined that Petitioner failed to meet the elements set forth in *In re Jones* because he failed to show that the conduct of which he was convicted has been deemed non-criminal by any change in substantive law. (ECF No. 18 at 6-7.) Moreover, the Magistrate Judge rejected Petitioner's claim that *In re Jones* and *Bailey* render his § 924(c) conviction invalid, noting that the prisoners in those cases relied on changes in the law following their relevant convictions and sentence judgments, whereas Petitioner has pointed to no such change in the law and the savings clause therefore does not apply. (*Id.* at 7.)

Likewise, Magistrate Judge Austin rejected Petitioner's claim of actual innocence, observing that it is facially inadequate to require consideration because Petitioner does not allege that there is any new, reliable evidence of any type that was not presented in any of his prior court proceedings which supports his innocence of the criminal firearm charge to which he pled guilty, and of which he was convicted. (ECF No. 18 at 7-9.) As the Magistrate Judge noted, claims of actual innocence are extremely rare and must be based on factual innocence and not simply legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). Because Petitioner failed to present any new, reliable evidence of any kind that demonstrated his innocence of the criminal charges, Magistrate Judge Austin found that Petitioner failed to state a plausible claim of actual innocence.

Petitioner first objects by arguing that the facts stated in the "Background" section of the Report do not accurately reflect Petitioner's case in its entirety. (ECF No. 21 at 1-2.) This objection incorrectly characterizes the Magistrate Judge's summary of the underlying record. After *de novo* review of the relevant portions of that record, the Report, and Petitioner's arguments, the Court finds no error in the "Background" section of the Report. Accordingly, the first objection is overruled.

Petitioner next objects to the Magistrate Judge's conclusion that his § 2241 action is barred because he cannot demonstrate that § 2255 provides an inadequate or ineffective vehicle through which to challenge his conviction. (*Id.* at 2-6.) Petitioner attempts to rely upon *United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018), which case explicitly affirmed that *In re Jones* "is still good law in this circuit," construed *In re Jones* more broadly to include "sentencing errors within the ambit of the savings clause," and established a new savings clause test for erroneous sentences. *See id.* at 427-429 (adding a fourth element to the analysis applied to determine whether § 2255 is inadequate and ineffective to test the legality of a sentence, namely, "(4) due to this retroactive change [in the substantive law that initially established the legality of the sentence], the sentence now presents an error sufficiently grave to be deemed a fundamental defect"). But Petitioner does not point to *any* change in substantive law that is applicable to his case, and *Wheeler* is inapposite. Petitioner cites numerous other cases (*see* ECF No. 21 at 3-6), none of which have any impact on the simple fact that his petition and objections fail to allege any new evidence or change in law that might affect the legality of his conviction or sentence. Accordingly, the second objection is overruled.

In his third objection, Petitioner objects to "the magistrate judge's assessment that he must show that there was a change in the law or display that there was some new evidence to obtain rel[ie]f for his actual claim." (*Id.* at 21 at 7.) Stated simply, this objection belies a fundamental misunderstanding of the requirements that Petitioner must satisfy before his § 2241 petition can proceed under the narrow set of circumstances prescribed in the savings clause and *In re Jones*. The objection is without merit and is overruled.

Finally, Petitioner objects to the Magistrate Judge's conclusion that his petition is

Petitioner next objects to the Magistrate Judge's conclusion that his § 2241 action is barred because he cannot demonstrate that § 2255 provides an inadequate or ineffective vehicle through which to challenge his conviction. (*Id.* at 2-6.) Petitioner attempts to rely upon *United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018), which case explicitly affirmed that *In re Jones* "is still good law in this circuit," construed *In re Jones* more broadly to include "sentencing errors within the ambit of the savings clause," and established a new savings clause test for erroneous sentences. *See id.* at 427-429 (adding a fourth element to the analysis applied to determine whether § 2255 is inadequate and ineffective to test the legality of a sentence, namely, "(4) due to this retroactive change [in the substantive law that initially established the legality of the sentence], the sentence now presents an error sufficiently grave to be deemed a fundamental defect"). But Petitioner does not point to *any* change in substantive law that is applicable to his case, and *Wheeler* is inapposite. Petitioner cites numerous other cases (*see* ECF No. 21 at 3-6), none of which have any impact on the simple fact that his petition and objections fail to allege any new evidence or change in law that might affect the legality of his conviction or sentence. Accordingly, the second objection is overruled.

In his third objection, Petitioner objects to "the magistrate judge's assessment that he must show that there was a change in the law or display that there was some new evidence to obtain rel[ie]f for his actual claim." (*Id.* at 21 at 7.) Stated simply, this objection belies a fundamental misunderstanding of the requirements that Petitioner must satisfy before his § 2241 petition can proceed under the narrow set of circumstances prescribed in the savings clause and *In re Jones*. The objection is without merit and is overruled.

Finally, Petitioner objects to the Magistrate Judge's conclusion that his petition is

subject to summary dismissal by appealing to the liberal construction afforded to *pro se* litigants' filings, and to the standard of review applied to motions to dismiss. (*See id.* at 8.) However, as noted by Magistrate Judge Austin in the Report, the Court's obligation to liberally construe *pro se* filings does not require the Court to ignore a clear failure to allege facts that set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir.1990). Accordingly, the fourth objection is overruled.

After *de novo* review, the Court finds Petitioner's objections to be without merit, and agrees with the Magistrate Judge's thorough analysis and finds no error therein. Therefore, the Court finds that Petitioner has failed to show that § 2255 is inadequate or ineffective to test the legality of his detention, and that Petitioner has failed to state a plausible claim of actual innocence to allow him to bypass the gatekeeping requirements of § 2255 and proceed with this § 2241 petition. Accordingly, it is hereby **ORDERED** that the Magistrate Judge's Report (ECF No. 18) is adopted and incorporated herein; Petitioner's objections (ECF No. 21) are overruled; and this matter is dismissed without prejudice and without requiring Respondent to file a return.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

January 3, 2018
Charleston, South Carolina

### NOTICE OF RIGHT TO APPEAL

The right to appeal this order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.